**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| JERMAINE WILSON, | * |
| | *    Civil No. AW-09-1340 |
| v. | *    Criminal No. AW-03-0321 |
| | * |
| | * |
| UNITED STATES OF AMERICA. | ****** |

**MEMORANDUM OPINION**

Before the Court is a Motion/Petition by the Petitioner/Defendant, Jermaine Wilson, for relief pursuant to 18 U.S.C. § 2255. On January 4, 2006 and pursuant to a written plea agreement, Petitioner entered a guilty plea to all three-counts of a superseding information charging Petitioner with use of a communications facility to facilitate narcotics offenses. Following a March 22, 2006. sentencing hearing, the Court sentenced Petitioner to 48 months imprisonment per count, to run consecutively with each other and current with the sentence imposed in the Frederick County (Maryland) Circuit Court case number (# K03-32253).[1] Judgment was entered on March 29, 2006. No appeal was filed.

In his instant motion, Petitioner presents some six grounds which he contends entitle him to relief. Among his claims set forth in his Motion are: that Petitioner was a victim of ineffective assistance of counsel; that Petitioner failed to have received a downward departure to which he allegedly was entitled; that the Court improperly departed upward from the sentencing guidelines;

---

[1] The Court sentenced Petitioner in accordance with the written plea agreement dated December 16, 2005. In return for the Government waving the § 851 Enhancement Notice, the Defendant agreed to a twelve year sentence. Specifically, in paragraph 12 of the agreement, the pertinent language provides: In exchange for the Defendant's plea of guilty pursuant to this plea agreement, this office agrees not to file a notice of the Defendant's prior felony drug convictions pursuant to 21 U.S.C. § 851. Accordingly, this office will not rely on the Defendant's prior felony drug conviction to enhance the mandatory minimum sentence to which the Defendant is subject.

that Petitioner was actually innocent of Court 2 of the superceding information to which he pled; that the Court unreasonably and improperly computed Petitioner's criminal history; and that Petitioner was a victim of double jeopardy. No appeal was filed, although Petitioner states in his Motion that despite the impressions given by his attorney that he had relinquished his rights to appeal, Petitioner claims that he later realized that he could have appealed certain issues. The Government has filed a Motion to Dismiss the Petition as untimely.

The Court need not address the substantive claims because the Court agrees with the Government and determines that Petitioner's 18 U.S.C. § 2255 Motion is time barred and must be dismissed. The Court further determines that Petitioner has not presented a cogent nor legally sufficient basis for any extension or enlargement of the time by which his Motion was to be filed.

28 U.S.C. § 2255 (f) provides: A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of–(1) the date on which the judgment of conviction become final; (2) the date on which the impediment to making a motion created by the government action in violation of the Constitution or Laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Preliminarily, it is abundantly clear that the instant Motion was not filed within the 1 year statute of Limitations. Petitioner was sentenced and the Judgment was entered on March 29, 2006.

Petitioner filed no appeal. The conviction and judgment, therefore became final on March 29, 2006. To have complied with section 28 U.S.C. § 2255 (f) (1), Petitioner would have had to file his Motion within 1 year of March 29, 2006 or March 29th 2007. Petitioner's present Motion was filed on May 22, 2009-- more than two years after the 1 year period of limitations had elapsed.

In sum, the Court has reviewed the current pleadings and the entire files relative to the present motion as well as the underlying criminal case. Petitioner has presented nothing to convince the Court that the 1 year period should be enlarged. The Court finds that Petitioner's Motion to Vacate is untimely and the Government's Motion to Dismiss must be granted. Accordingly, the Petitioner's Motion pursuant to § 2255 is DISMISSED. A separate Order will be issued.

Date: September 28, 2009

_____/s/_____
Alexander Williams, Jr.
United States District Judge